UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 PENSION TRUST FUND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2:07-CV-051 PS |
| KLS SERVICES I.N.C., | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant KLS Services Inc. [Docket No. 7]. Because Defendant has failed to answer or otherwise defend this lawsuit, Plaintiffs' Motion for Default Judgment is **GRANTED**.

**I.  BACKGROUND**

Plaintiffs filed the complaint in this matter on February 22, 2007 [Docket No. 1]. Service of Summons and Complaint by certified mail was made and received by Defendant's registered agent on April 17, 2007 [Docket No. 4]. Defendant failed to appear, plead, or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure. Accordingly, Plaintiffs filed a Motion for Entry of Default on May 8, 2007 [Docket No. 5], which the clerk of the court entered on May 9, 2007 [Docket No. 6]. Plaintiffs then filed a Motion for Default Judgment on August 17, 2007 [Docket No. 7], which is now currently before this Court.

Plaintiffs (collectively known as the "Trust Fund") assert that they are fiduciaries within the meaning of the Employee Retirement Income Security Act (ERISA). (Compl. ¶ 3.)

1

Plaintiffs assert that Defendant violated the provisions of ERISA, by failing to make the required contributions to the Trust Fund for all hours worked by covered employees of Defendant, as required by a collective bargaining agreement signed by a representative of Defendant. (Compl. ¶¶ 5-10, Ex. A.) *See* 28 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Plaintiffs seek unpaid contributions for two periods in 2005 and 2006, plus interest, liquidated damages, and attorney's fees and costs.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment.") Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed. 1985)).

As the clerk has entered default against Defendant in this case, this Court may now enter a default judgment under Rule 55(b)(2). While Federal Rule of Civil Procedure 55(b) gives

district courts the power to enter default judgment, they must exercise discretion when doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).  "As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint." *O'Brien*, 998 F.2d at 1404 (citation omitted).

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. March 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, the factors listed above weigh in favor of default judgment.  There are very few material issues of fact and the grounds for default are clearly established.  Moreover, there are no issues of substantial public importance here.  Furthermore, the default is not simply a technicality, as Defendant has not pleaded or appeared in this matter since the lawsuit was filed in February, 2007.  Defendant cannot be allowed to completely ignore this suit.  Finally, Plaintiffs seek a relatively small amount of money.  Nevertheless, Defendant's refusal to respond to Plaintiffs' complaint prejudices Plaintiffs by delaying receipt of the money at issue.  Thus, the Court finds that a weighing of these competing factors comes out in favor of Plaintiffs, and default judgment is appropriate.

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, however, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323).

29 U.S.C. § 1132(g)(2) is a mandatory provision requiring the employer to pay unpaid contributions, interest, liquidated damages, and attorney's fees. 29 U.S.C. § 1132(g)(2) ("In any action . . . in which a judgment in favor of the plan is awarded, the court *shall* award the plan . . . ." (emphasis added)). To support its claim of an ERISA violation, Plaintiffs submit an affidavit from Jay Smith, Fund Manager of the Trust Fund. (Pl. Mot., J. Smith Aff. ¶ 2, Ex. 1.) His responsibilities include the administration of collections of employer contributions into the Trust Fund. (*Id.* ¶ 3.) He avers that Defendant owes $960.44 in contributions from the period of November 2005 through March 2006, plus $96.04 in interest. He also avers that Defendant failed to make timely contributions once again from June through September 2006, owing $3,826.10 plus interest of $382.61.

Under 29 U.S.C. § 1132(g)(2)(C) and the Trust Fund collection policy (Pl. Mot. Ex. D at ¶ 9), Plaintiffs are also entitled to liquidated damages of 20 percent of the unpaid contributions. However, Plaintiffs arrive at their liquidated damages figure of $1,053.03 by taking 20 percent of both the unpaid contributions and the unpaid interest ($5,265.19 * .20). Both the statute and the collection policy cap liquidated damages at 20% of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C) (court shall award plan liquidated damages not in excess of 20 percent of the

4

unpaid contributions); Pl. Mot. Ex. D at ¶ 9 ("The assessment for liquidated damages shall be 20% of the total balance then due and owing" at the time notice of the deficiency is sent). Thus, Plaintiffs are entitled to liquidated damages of $957.31 ($4,786.54 * .20).

Finally, Plaintiffs assert that they have incurred in attorney's fees and costs of $2,062.68. The Court finds that $2,062.68 is reasonable and appropriate. *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003).

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment [Docket No. 7] is **GRANTED**. Defendant KLS Services Inc. is **ORDERED** to pay Plaintiffs $8,285.18 in unpaid contributions, interest, liquidated damages, attorney's fees, and costs. The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiffs are entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: September 11, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5